JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5086 PA (JEMx) | Date | September 9, 2015 |
|---|---|---|---|
| Title | Elizabeth Burgos v. Image First of California, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Image First of California, LLC ("Defendant") on July 6, 2015. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Elizabeth Burgos ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5086 PA (JEMx) | Date | September 9, 2015 |
|---|---|---|---|
| Title | Elizabeth Burgos v. Image First of California, LLC | | |

2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

The Notice of Removal alleges that Defendant is "registered in Delaware as a Limited Liability Company" and has its principal place of business in Pennsylvania. (Notice ¶ 8.) The Notice does not identify Defendants' members, much less state their states of citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Defendant must also establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, Defendant argues that the amount in controversy requirement is satisfied by totaling Plaintiff's demands for back pay, front pay, "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms," attorneys' fees, and injunctive relief. Plaintiff earned $8.50 per hour when she was terminated in June 2013.[1] Defendant assumes—despite Plaintiff's earlier request to return to work "part-time to start" (Complaint ¶ 15)—that she would have worked 40 hours per week. Based on this assumption, Defendant calculates Plaintiff's lost wages at the time of removal as $36,380. Defendant projects Plaintiff's lost wages to total $52,360 by trial. Defendant also projects a "conservative" front pay award of two years of wages, totaling

---

[1] She also earned overtime and bonuses, which Defendant explicitly excludes from its calculations. Based on Exhibit F to the Notice of Removal, however, the Court notes that these totaled roughly $450 over an 14-week period. Over the 111-week period used to calculate Plaintiff's back pay at the time of removal, this figure becomes roughly $3,567.86.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5086 PA (JEMx) | Date | September 9, 2015 |
|---|---|---|---|
| Title | Elizabeth Burgos v. Image First of California, LLC | | |

$35,360. Defendant offers no support for the questionable assumption that Defendant will not have found another job paying $8.50 per hour by trial.

Defendant does not suggest any specific amounts in controversy for emotional distress and related damages, attorneys' fees, or injunctive relief. Rather, Defendant merely notes that Plaintiff seeks these remedies and then lists jury awards in several cases attached as exhibits to the Notice of Removal. Aside from a conclusory characterization of these cases as "similar" to the instant case, Defendant makes no attempt in the Notice of Removal to analogize these cases to the instant case. Based on the questionable assumptions employed in calculating Plaintiff's potential compensatory damages and Defendant's failure to provide any concrete basis for calculating the other relief sought by Plaintiff, the Court cannot find that it is more likely than not that the amount in controversy exceeds $75,000.

## Conclusion

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC583503 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

**JS-6**